IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | No. 13-28717 |
| Sherman O. Perrie ) | |
| Carol J. Perrie, ) | Chapter 13 |
| ) | |
| Debtors. ) | Hon. Judge Carol A. Doyle |

## NOTICE OF MOTION

TO:   SERVICE LIST ATTACHED

PLEASE TAKE NOTICE that on **July 15, 2014 at 9:30 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Carol A. Doyle, United States Bankruptcy Judge, or any judge sitting in her stead in Courtroom 742 at 219 South Dearborn, Chicago, Illinois, and shall then and there present the attached **Motion of Urban Partnership Bank to Modify the Automatic Stay or for Other Relief**, a true and correct copy of which is hereby served upon you.

URBAN PARTNERSHIP BANK,

By:   */s/ Amanda E. Losquadro*
       One of Its Attorneys

Amanda E. Losquadro (#6299371)
CHUHAK & TECSON, P.C.
30 South Wacker Drive, 26TH Floor
Chicago, Illinois  60606-7413
(312) 444-9300

## AFFIDAVIT OF SERVICE

I, Amanda E. Losquadro, an attorney, certify that I served the foregoing by mailing a copy of same to those persons so identified in the service list attached hereto by depositing the same in the United States Mail at 30 S. Wacker, Chicago, Illinois on July 2, 2014 to Sherman O. Perrie and Carol J. Perrie, with proper postage prepaid and by electronic filing on July 2, 2014, to those persons identified in the service list attached hereto through the Court's ECF Filing System.

By:   */s/ Amanda E. Losquadro*
       One of Its Attorneys

2437086\1\21457\52545

## SERVICE LIST

### IN RE:  SHERMAN O. PERRIE and CAROL J. PERRIE

### 13-28717

**VIA U.S. MAIL**
Sherman O. Perrie
6922 S. Jeffery Blvd, Unit #3S
Chicago, IL 60649
*(Debtor)*

Carol J. Perrie
6922 S. Jeffery Blvd, Unit #3S
Chicago, IL 60649
*(Joint Debtor)*

**VIA CM.ECF**

Patrick S. Layng, U.S. Trustee
Office of the U.S. Trustee, Region 11
219 S. Dearborn St., Room 873
Chicago, IL 60604

Tom Vaughn
Chapter 13 Trustee
55 E. Monroe Street, Suite 3850
Chicago, Illinois 60603

Ernesto D. Borges
Martin A. Lear
Tyree V. Wright
Law Offices of Ernesto D. Borges, Jr.
105 W. Madison, 23rd Fl.
Chicago, IL 60602
*(Attorneys for Debtor and Joint Debtor)*

THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| In re: | ) | No. 13-28717 |
|---|---|---|
| | ) | |
| Sherman O. Perrie | ) | Chapter 13 |
| Carol J. Perrie, | ) | |
| | ) | Judge Carol A. Doyle |
| Debtors. | ) | |
| | ) | Motion Date: July 15, 2014 |
| | ) | |
| | ) | Motion Time: 9:30 a.m. |

## MOTION OF URBAN PARTNERSHIP BANK TO MODIFY THE AUTOMATIC STAY OR FOR OTHER RELIEF

Urban Partnership Bank, as Assignee of the Federal Deposit Insurance Corporation, Receiver for ShoreBank ("UPB") by and through its attorney, Amanda E. Losquadro of CHUHAK & TECSON, P.C., moves this court for an order modifying the automatic stay. In support thereof, UPB states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2) and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The predicates for relief requested herein include 11 U.S.C. §§ 361, 362, and 363, as well as Fed. R. Bankr. P. 4001 and 6007(b).

### PARTIES AND BACKGROUND

3. On July 18, 2013, Sherman O. Perrie and Carol J. Perrie (collectively, "Debtors") filed a voluntary petition and schedules for relief under Chapter 13 of Title 11 of the United States Code ("Bankruptcy Code").

2424295.1.21457.52545

4. UPB has a secured interest in the property commonly described as 8002 S. Laflin, Chicago, IL 60620 ("Property"), by virtue of three commercial loans described as follows:

   a. That certain loan in the original principal amount of $126,000.00 by and between ShoreBank and Debtors as evidenced by that certain promissory note dated October 28, 1999;

   b. That certain loan in the original principal amount of $10,000.00 by and between ShoreBank and Debtors as evidenced by that certain promissory note dated September 26, 2003; and

   c. That certain loan in the original principal amount of $40,000.00 by and between ShoreBank and Debtors as evidenced by that certain promissory note dated August 9, 2007 (collectively, "Notes"). True and correct copies of the Notes are attached hereto as <u>Exhibits</u> A, B and C.

5. As security for the Notes, various land trust companies, not personally but as Trustees Under Trust Agreement Dated October 24, 1999 and Known as Trust Number 125427-0-0 ("Trust") provided ShoreBank with mortgages in favor of ShoreBank as follows:

   a. That certain Trust Deed dated October 28, 1999 and recorded on November 19, 1999 as document number 09089501 by the Cook County Recorder of Deeds;

   b. That certain Mortgage dated September 26, 2003 and recorded on October 9, 2003 as document number 0328245000 by the Cook County Recorder of Deeds; and

   c. That certain Mortgage dated August 9, 2007 and recorded on September 20, 2007 as document number 0726317091 by the Cook County Recorder of Deeds

- 2 -

(collectively, "Mortgages"). Debtors are the sole beneficiaries of the Trust. True and correct copies of the Mortgages are attached hereto as <u>Exhibits</u> D, E and F.

6. On August 20, 2010, ShoreBank was closed by the Illinois Department of Financial and Professional Regulation, Division of Banking, and the Federal Deposit Insurance Corporation ("FDIC") was appointed as Receiver thereof. The FDIC, as Receiver for ShoreBank, succeeded to all rights, titles, and powers and privileges of ShoreBank pursuant to 12 U.S.C. § 1821(c)(3)(A).

7. Thereafter, UPB purchased the Loans pursuant to that certain Purchase and Assumption Agreement dated August 20, 2010, between the FDIC and UPB. Thereafter, the FDIC assigned all of its interests in the Notes and Mortgages to UPB. True and correct copies of the Allonges and Assignments of Mortgage are attached hereto as <u>Exhibits</u> G, H, I, J and K.

8. On December 1, 2012 and May 1, 2013, the Notes went into default due to non-payment of the required monthly installments pursuant to the terms of the Notes.

9. The Property is a commercial investment property and is not the Debtors' primary place of residence.

10. The Debtors have indicated their desire to surrender the Propery to UPB.

**BASIS FOR RELIEF REQUESTED**

11. Pursuant to § 362(d) a party in interest may receive relief from the automatic stay:

(1) For cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) With respect to a stay of an act against property under subsection (a) of this section, if (A) the debtor does not have equity in such property; and (B) such property is not necessary to an effective reorganization.

12. Cause. "Cause" as used in Section 362(d)(1) of the Bankruptcy Code "has no clear definition and is determined on a case-by-case basis." <u>In re: Custom Designed Cabinetry &</u>

- 3 -

Construction, Inc., 08 B 71196, 2009 WL 603807 at *3 (Bankr. N.D. Ill. Mar. 9, 2009) citing In re: Ferstrom Storage & Van Co., 338 F.2d 731, 735 (7th Cir. 1991). Pursuant to Section 362(d)(1) of the Bankruptcy Code, cause specifically includes "the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). As such, it is well established in the Northern District of Illinois that "if a creditor is threatened with a decline in the value of its interest in the estate's property, the estate must take action to make up the decline, either through cash payments or liens on other property, or through some other method that provides the 'indubitable equivalent' of the creditor's interest." In re: Markos Gurnee P'ship, 182 B.R. 211, 220 (Bankr. N.D. Ill. 1995) accord 11 U.S.C. § 361 (listing methods of providing adequate protection).

13. UPB does not yet have possession of the Property and UPB is not receiving any payments to offset the depreciation of the Property. The Debtors' failure and inability to perform the obligations under the Notes has left UPB's secured interest inadequately protected.

14. No Equity in the Properties. "Section 362(d)(2) allows a bankruptcy court to modify the automatic stay to allow an undersecured lender to foreclose on the property securing its loan if the property is not necessary to an effective reorganization." Edgewater Walk Apartments v. MONY Life Ins. Co. of America, 162 B.R. 490, 497 (Bankr. N.D. Ill. 1993). In a hearing under Section 362(d) of the Bankruptcy Code, the party seeking relief from the automatic stay has the burden of proof as to the debtor's lack of equity in the subject property while the debtor opposing the requested relief has the burden of proof on all other issues, including establishing adequate protection. See, 11 U.S.C. §362(g).

15. As of June 16, 2014, there was $121,249.73 due and owing on the Notes, not including fees and costs. UPB is not receiving payments in satisfaction of the Notes and the

current value of the Property is estimated at $37,000.00 according to Debtors' Schedule D, the relevant portion of which is attached hereto as <u>Exhibit</u> L.

16. Given the uncontroverted fact that there is no equity in the Property, which continues to depreciate, and the fact that the Property is not necessary for Debtors' reorganization, Debtors are not impaired by allowing UPB to enforce its liens and take possession of the Property.

17. Moreover, the Debtors have indicated their desire to surrender the Property to UPB in full satisfaction of its claims.

18. By reason of the premises and pursuant to § 362(d) of the Bankruptcy Code, UPB is entitled to relief from the automatic stay to foreclose or otherwise take possession of the Property as described and identified herein.

WHEREFORE, URBAN PARTNERSHIP BANK prays for the following relief: (i) an order granting this motion; (ii) an order modifying the automatic stay to allow UPB to enforce its liens on the subject Property, (iii) an order waiving the requirements of Fed. R. Bankr. P. 4001(a)(3) and holding such order effective immediately upon its entry; and (iv) for such other and further relief as this Honorable Court deems just and appropriate.

    Respectfully submitted,

    URBAN PARTNERSHIP BANK

    By:   /s/ Amanda E. Losquadro

Amanda E. Losquadro (ARDC# 6299371)
CHUHAK & TECSON, P.C.
30 S. Wacker, Suite 2600
Chicago, Illinois 60606
(312) 444-9300

2424295.1.21457.52545